UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

PAUL ROBERTS,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AMENDED CONSENT
PRELIMINARY ORDER OF
FORFEITURE /
MONEY JUDGMENT

24 Cr. 547 (JLR)

        WHEREAS, on or about September 16, 2024, PAUL ROBERTS (the "Defendant"), was charged in an Information, 24 Cr. 547 (JLR) (the "Information"), with securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2;

        WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of all property real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

        WHEREAS, on or about September 16, 2024, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money equal to $500,000 in United States currency, representing the proceeds traceable to the offense charged in Count One of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $500,000 in United States currency, representing proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence;

WHEREAS, the Defendant has completed a financial affidavit which was provided to the United States on or about October 25, 2024, and the Defendant has sworn, under penalty of perjury, that this affidavit is a true and accurate description of his current finances;

WHEREAS, the Defendant agrees to make a payment to the United States in the amount of $15,000 by the date of the Defendant's sentencing in this case (the "Payment"); and

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Danielle R. Sassoon, United States Attorney, Assistant United States Attorneys, Justin V. Rodriguez, of counsel, and the Defendant, and his counsel, Christian R. Everdell, Esq. and Benjamin Zhu, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $500,000 in United States currency (the "Money Judgment"), representing proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Amended Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, PAUL ROBERTS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. The Defendant shall make the Payment to the United States before the date of the Defendant's sentencing.

4. Upon receipt of the Payment, the United States shall accept the Payment in partial satisfaction of the Money Judgment, specifically, the Government will satisfy fifty (50) percent of the Money Judgment. This paragraph will be deemed not operative, and the United States will be free to enforce the entirety of the outstanding Money Judgment, if any information in the financial affidavit completed by the Defendant was false or incomplete.

5. If the Defendant fails to make the Payment by sentencing the Government can seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of substitute assets of the Defendant for the entire Money Judgment.

6. Subject to the terms listed above, pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

7. All payments on the outstanding Money Judgment, including the Payment, shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

8. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

9. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

10. The Court shall retain jurisdiction to enforce this Amended Consent Preliminary Order of Forfeiture /Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

11. The signature page of this Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

MAATHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York

By: _____     March 4, 2025
JUSTIN V. RODRIGUEZ                      DATE
Assistant United States Attorney
26 Federal Plaza
New York, New York 10278
(212) 637-2591


PAUL ROBERTS

By: _____     3/12/2025
PAUL ROBERTS                             DATE


By: _____     3/12/2025
CHRISTIAN R. EVERDELL, ESQ.              DATE
Attorney for Defendant
800 Third Avenue
New York, New York 10022


SO ORDERED:

_____          3/20/25
HONORABLE JENNIFER L. ROCHON             DATE
UNITED STATES DISTRICT JUDGE